United States District Court
Southern District of Texas
**ENTERED**
April 24, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| YUNIEL STIVENS LOBAINA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-00619 |
| | § | |
| BRET BRADFORD, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## ORDER OF DISMISSAL

The petitioner, Yuniel Stivens Lobaina, is a detainee in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") officials at the Houston Contract Detention Facility. Through counsel, petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his continued detention. Doc. No. 1. Respondents have filed a motion for summary judgment, Doc. No. 6. Petitioner has not responded to the motion, and his time to do so has passed.

The uncontroverted evidence shows that Petitioner is a noncitizen who entered the United States as an arriving alien without lawful status and has since been placed in removal proceedings. Doc. Nos. 1, 1-2, 6-1. Petitioner does not plead facts to show that he has been lawfully admitted into the United States, and he does not so contend.

Because Petitioner entered the United States as an arriving alien who has not been admitted legally, he is an applicant for admission subject to 8 U.S.C. § 1225(b)(2). *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. Feb. 6, 2026). His arguments

regarding bond hearings under 8 U.S.C. § 1226(a) and its implementing regulations are foreclosed by *Buenrostro-Mendez*. His detention is mandated *by statute* under section 1225(b)(2).

In addition, Petitioner's Fifth Amendment due process claims are precluded, at this juncture, by *Demore v. Kim*, 538 U.S. 510, 531 (2003), because "[d]etention during removal proceedings is a constitutionally permissible part of that process." *Id.* (citations omitted); *see also Jennings v. Rodriquez*, 583 U.S. 281, 297 (2018) (explaining that "§§1225(b)(1) and 1225(b)(2) thus mandate detention of applicants for admission until certain proceedings have concluded").

Therefore, the Court **ORDERS** as follows:

1. Respondents' motion for summary judgment (Doc. No. 6) is **GRANTED**.

2. The petition (Doc. No. 1) is **DISMISSED.**

3. All other pending motions, if any, are **DENIED as MOOT**.

SIGNED this ___2⁴ᵗʰ___ day of April 2026.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE